IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDY MORRELL and <br> BERTHA ZAMORA, <br>     Plaintiffs, <br> v. <br> THOMAS DAVID LUNCEFORD, JR., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 12-00634-CG-N <br> ) <br> ) <br> ) <br> ) |

REPORT AND RECOMMENDATION

Plaintiffs, proceeding *pro se* and *in forma pauperis*, filed a complaint (docs. 1, 5)[1] asserting three causes of action against the defendant, Thomas David Lunceford, Jr.: Arson and Attempted Murder (Count I); Tortious Interference (Count II); and Fraud and Misrepresentation (Count III). (Doc. 1 at 7-13). Because plaintiffs are proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court may dismiss their action at any time if it finds the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a person immune from such relief. *See* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). This matter is before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). It is recommended that, pursuant to §

---

[1] An Amended Complaint was filed on November 13, 2012 (doc. 5), which is simply "resigned" by the plaintiffs and in all other respects identical to the original Complaint. Inasmuch as the "resigned" Complaint does not include the plaintiffs' Exhibits, all reference to the Complaint in this Report and Recommendation shall be to the original Complaint (doc. 1).

1915(e)(2)(B)(ii), the action be dismissed for failure to state a claim upon which relief can be granted.

   I.   Background and Procedural History.

The present litigation was filed on October 4, 2012 (doc. 1). Plaintiffs, Judy Morrell and Bertha Zamora, contend that they each "invested $100,000.00 in a restaurant facility located in Gulf Shores, Alabama"[2] which was lost as a result of the unlawful conduct of the defendant, Thomas David Lunceford, Jr., who has been serving a federal prison sentence after plead guilty to arson in connection with the fire on November 8, 2007 (doc. 1 at 27) that destroyed the restaurant and personal property at issue in this litigation. Plaintiffs seek damages against the defendant of $500,000.00 for the arson and attempted murder claim (Count I), $500,000.00 for the tortious interference claim (Count II), and $250,000.00 for the fraud and misrepresentation claim (Count III).

This is the third lawsuit filed by plaintiffs Morrell and Zamora, proceeding *pro se*, against defendant Lunceford arising from the same transactions and factual circumstances. The first was filed on February 20, 2008, and was styled <u>First South Hospitality, Inc., et al., v. Kelly Lunceford Properties, LLC, et al.</u>, Civil Action No. 1:08-cv-00112-CG-B. This action was dismissed without prejudice for failure to comply with the Court's order and failure to prosecute. (Docs. 5-7 in 1:08-cv-00112-CG-B).

The second lawsuit was filed on November 16, 2009, and was styled <u>Judy Morrell,</u>

---

[2] In addition to the cash investment of $100,000.00 each plaintiff made, Judy Morrell contends that she also invested $300,000 in furnishings and decorations." (Doc. 1 at 1).

et. al., v. Thomas David Lunceford, et al., Civil Action No. 1:09-cv-00753-KD-C. In this action, plaintiffs asserted "claims against Defendants Lunceford and Kelly for 'Tort[i]ous Interference' in violation of '28 U.S.C. § 1961', 'Fraud and Misrepresentation Pursuant to 18 U.S.C.,' and 'Arson and Attempted Murder Pursuant to 18 U.S.C. Sections 81 and 918'." (Doc. 35 at 2 in 1:09-cv-00753-KD-C). The Court first found that plaintiffs' claims in Counts I and II for tortious interference and fraud as pled were intended to be claims asserted under 18 U.S.C. § 1961, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id*. at 5). Although the Court concluded that a private right of action exists under the civil RICO statute, it held, in sum, that plaintiffs failed to establish crucial elements of this claim, namely "a pattern of racketeering activity"; "the existence of an 'enterprise'"; and an allegation that "the 'enterprise' was engaged in interstate commerce or engaged in activities which affected interstate commerce." (*Id*. at 11). The Court then concluded that no private right of action exists by which the plaintiffs can impose civil liability for a violation of a criminal statute codified under Title 18 of the United States Code (U.S.C.). (*Id*. at 14). Plaintiffs' claim for relief under 18 U.S.C. § 81, as set forth in Count III, was held not to be a viable claim. The second lawsuit was "dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted." (*Id*. at 16; *see also* Docs. 36, 37)). As stated above, plaintiffs filed this lawsuit on October 4, 2012 (doc. 1).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs acknowledge that, because they are proceeding *pro se*, this third action

3

must also be reviewed under § 1915(e)(2)(B)(ii)[3] to determine whether plaintiffs have stated a claim upon which relief can be granted. (Doc. 1 at 2-3). A claim may be dismissed under § 1915(e)(2)(B)(i) as "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, the claim seeks to enforce a right that clearly does not exist, *id.*, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). *See also* Hankins v. HLC Hotels Management of Master's Inn, 2008 WL 5191915, * 2 (M.D. Fla. Dec. 10, 2008)(" A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight [and] [c]laims may lack an arguable basis in law because of either factual or legal inadequacies.")

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See* Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997); *see also* Smith v. Secretary For Dept. of Corrections, 252 Fed.Appx. 301, 302 (11th Cir. 2007)("[S]ua sponte dismissals under § 1915(e)(2) for failure to state a claim does not violate the Equal Protection Clause or the procedural protections of the Due Process Clause."). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.

---

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *See* Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. It is only those well-pleaded factual allegations that a court will consider as true. *Id.* at 678. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972); *see also* Diggs v. Shinseki, 2009 WL 3753999, * 1 (S.D. Ga. Nov. 09, 2009)(" Pleadings drafted by pro se litigants must be liberally construed."). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (*relying* on Iqbal, 566 U.S. 662).   Furthermore, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Hill v. Wal-Mart Stores, Inc., 510

5

Fed.Appx. 810, 812 (11th Cir. 2013), *quoting* Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

   III.   Analysis.

Plaintiffs assert claims under both federal and state law against Lunceford arising out of plaintiffs' lease from the defendant of a restaurant property located in Gulf Shores, Alabama. (Doc. 1 at 4-28). Plaintiffs allege, in sum, that Lunceford sought to defraud them with respect to the terms and conditions of the lease and then attempted to intimidate them into abandoning the lease agreement by setting fire to the restaurant building while Plaintiff Morrell and her husband were asleep inside. (*Id*.). Plaintiffs have, however, failed to state a claim upon which relief can be granted as set forth below.

   A.   Count I: Claims Asserted Under "18 U.S.C. § 844(i)" for Arson and Attempted Murder.

In Count I of the complaint, plaintiffs seek damages from the defendant for "arson" and "attempted murder" under 18 U.S.C. § 844(i).[4] (Doc. 1 at pp. 7-10, ¶¶ 21-30). While it is undisputed that Lunceford "pleaded guilty to the act of arson and [at the time plaintiffs filed this action was] serving his sentence in [a] Federal Penitentiary" (doc. 1 at

---

[4] Section 844(i) of Title 18 of the United States Code provides:

   **(i)** Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both; and if personal injury results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall be imprisoned for not less than 7 years and not more than 40 years, fined under this title, or both; and if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment.

6

¶ 21), the particular section of the statute relied on by the plaintiffs relates solely to the federal penalties that are imposed for the federal crime of arson.[5] Additionally, as was true with respect to plaintiffs' arson claims in their second lawsuit asserted under 18 U.S.C. § 1964, there exists no private right of action for damages under any subsection of 18 U.S.C. § 844. Morrell v. Lunceford, 2011 WL 4025725, * 6 (S.D. Ala. Aug. 18, 2011), *citing* Shipp v. Donaher, 2010 WL 1257972, *11 (E.D. Pa. March 25, 2010)("Title 18 is a federal criminal statute which does not create civil liability or a private right of action."). Plaintiffs have, therefore, failed to state a claim for "arson" and "attempted murder" upon which relief can be granted.

        B.      Count II: Claims for Tortious Interference.

In Count II of the complaint, plaintiffs seek damages for "tortious (intentional) interference." (Doc. 1 at p. 10, ¶¶ 31-34). The essential elements of the tort of intentional interference with contractual or business relations are: "(1) the existence of a protectable business relationship; (2) of which the defendant knew; (3) ***to which the defendant was a stranger***; (4) with which the defendant intentionally interfered; and (5) damage." Engineered Cooling Services, Inc. v. Star Service, Inc. of Mobile, 108 So.3d 1022, 1028 (Ala.Civ.App. 2012), *quoting* White Sands Group, L.L.C. v. PRS II, LLC, 32 So.3d 5, 14

---

[5] Section 844(i) is a federal criminal statute by which Congress intended "to exercise its fullest constitutionally permissible jurisdictional reach over persons attempting to commit arson to property affecting interstate commerce." United States v. Voss, 787 F.2d 393, 397 (8th Cir.), *cert. denied* 479 U.S. 888 (1986). This statute reaches "any attempted arson of any property used in any activity having even a *de minimus* connection to interstate commerce." *Id.*, *citing* United States v. Hansen, 755 F.2d 629, 630–31 (8th Cir.), *cert. denied*, 474 U.S. 834 (1985).

(Ala. 2009) (emphasis added). Although plaintiffs rely solely on California law (without establishing that such law is applicable),[6] even California requires that the defendant must have been a stranger to the relationship alleged to be the subject of the interference. For example, the cases cited by the plaintiffs provide that:

> The five elements for intentional interference with prospective economic advantage are: (1) an economic relationship *between the plaintiff and some third party*, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Youst v. Longo, 43 Cal.3d 64, 729 P.2d 728, 733 n. 6 (Cal. 1987), *citing* Buckaloo v. Johnson, *supra*, 14 Cal.3d 815, 537 P.2d 865, 872 (Cal. 1975)(emphasis added).

Plaintiffs describe their own relationship with the defendant, Lunceford, and seek only to impose liability against Lunceford for interfering with the contractual or business relationship the parties had with one another, namely the alleged lease they entered into for the restaurant destroyed by Lunceford's arson.[7] (Doc. 1 at ¶¶ 1-20, 31-34). Consequently, plaintiffs have failed to state a claim for "tortious (intentional) interference" upon which relief can be granted.

---

[6] Plaintiffs rely on Seaman's Direct Buying Service, Inc. v. Standard Oil Co., 36 Cal.3d 752, 686 P.2d 1158 (Cal. 1984), Buckaloo v. Johnson, 14 Cal.3d 815, 537 P.2d 865 (Cal. 1975), and Youst v. Longo, 43 Cal.3d 64, 729 P.2d 728 (Cal. 1987). (Doc. 1 at ¶¶ 31-33).

[7] In support of the existence of this alleged lease, plaintiffs filed a copy of a document entitled "LETTER OF AGREEMENT" which was executed by the plaintiffs on July 19, 2007. But bears no signature of any Lessor.

C. Count III – Fraud and Misrepresentation

In Count III of the complaint, plaintiffs seek damages for fraud and misrepresentation. (Doc. 1 at pp. 10-13, ¶¶ 35-39). Plaintiffs assert, in sum, that "[t]he basis for a fraud and misrepresentation [claim] is did the Defendant willfully misrepresent a material fact, and specifically in the instant case did the Defendant willfully misrepresent or omit pertinent and relevant facts to Plaintiff that (a) enticed them to enter into a lease and (b) continually misrepresent facts throughout the association by promising, but failing to reimburse plaintiff for the extraordinary costs as promised [and] Plaintiffs would not have entered into the lease if Defendant had not omitted or misrepresented [certain specific] facts to Plaintiff." (Doc. 1 at ¶ 35). The specified facts include: Defendant's misrepresentation that he would use the $22,000.00 paid by the plaintiffs prior to their occupancy of the restaurant "on or about July 28, 2007," to "make two payments on the mortgage he had with Vision Bank and that the mortgage would not be in arrears when Plaintiffs took possession of the property" (doc. 1 at ¶¶ 7-9, 36); Defendant's failure to "add Plaintiffs name on the existing insurance policy as 'additional insured' covering Plaintiff's property in the amount of $250,000.00" after plaintiffs gave him $1,000.00 for that purpose "in late July, 2007" (*id.* at ¶¶ 5, 37); and plaintiffs discovery, when they took occupancy "on or about July 28, 2007" that "much of the equipment was missing from the equipment list previously provided by Defendant" ((*id.* at ¶¶ 7, 36). Each instance of alleged fraud and misrepresentation discussed by the plaintiffs occurred ***prior to*** the arson committed by Lunceford on November 8, 2007 (doc. 1 at ¶¶ 5-20, 36-37 and p. 27).

Plaintiffs' fraud and misrepresentation claims[8] are governed by the two-year statute of limitations set forth in Ala. Code § 6-2-38(l) (1975), which provides:

> (l) All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought *within two years*.

Ala. Code § 6-2-38(l) (emphasis added); Farr v. Gulf Agency, 74 So.3d 393, 398-99 (Ala. 2011), *citing* Boyce v. Cassese, 941 So.2d 932, 943–44 (Ala. 2006)(applying the two-year statute of limitations set forth in § 6–2–38 to bar claims of fraud and conspiracy to defraud); Auto–Owners Ins. Co. v. Abston, 822 So.2d 1187, 1194 (Ala. 2001)(noting that "any fraud claim must be brought within two years of the accrual of the claim. Ala.Code 1975, § 6–2–38( l )"); and Booker v. United American Ins. Co., 700 So.2d 1333, 1339 (Ala. 1997)(applying the two-year statute of limitations set forth in § 6–2–38 to bar claims of negligence and wantonness). Plaintiffs' claims for fraud and misrepresentation were not asserted within two years of the accrual of their claims and are, therefore, barred by the applicable statute of limitations. As Plaintiffs themselves acknowledge, "[t]he most damaging misrepresentation by Defendant, was the defrauding of Plaintiffs by

---

[8] The elements of a misrepresentation claim include: "(a) a false representation of an existing material fact; (b) a representation (1) that the speaker knew was false when made, (2) that was made recklessly and without regard to its truth or falsity, or (3) that was made by telling the listener that the speaker had knowledge that the representation was true while having no such knowledge; (c) reliance by the listener on the representation, coupled with deception by it; (d) the reasonableness of that reliance under the circumstances; and (e) damage to the listener proximately resulting from his or her reasonable reliance." City of Prattville v. Post, 831 So.2d 622, 628 (Ala.Civ.App.2002), *quoting* Cato v. Lowder Realty Co., 630 So.2d 378, 381–82 (Ala.1993). *See also* Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997) (readopting the 'reasonable reliance' standard); *Torres v. State Farm Fire & Cas. Co.*, 438 So.2d 757, 759 (Ala.1983)(Reasonable reliance is shown "[i]f the circumstances are such that a reasonably prudent person who exercised ordinary care would [not] have discovered the true facts.")

convincing them that he had, after receiving $1,000,00, to do so, added Plaintiffs onto the existing insurance policy as 'additional insured', protecting their property." (Doc. 1 at ¶ 37, p. 12). Plaintiffs concede that they discovered this misrepresentation "on or about September 15, 2007, [when they] received a copy of the front page of the policy and discovered [Defendant] had failed to put them on the policy [and] . . . Plaintiffs property was uninsured." (Doc. 1 at ¶15). All other incidences of alleged fraud and misrepresentation occurred prior to this or, at the very latest, prior to the fire that destroyed plaintiffs' property on November 8, 2007.

Although plaintiffs filed a lawsuit on February 20, 2008,[9] within the applicable statute of limitations, the case was dismissed without prejudice for failure to comply with the Court's order and failure to prosecute. (Docs. 5-7 in 1:08-cv-00112-CG-B). In that case, Judy Morrell filed an Unsigned complaint and failed to comply with the Court's order to file an amended complaint "which is personally signed by each plaintiff who is seeking to proceed pro se in this action [and by a] duly licensed attorney . . . on behalf of any corporate entity desiring to appear as a plaintiff in this action." (Doc. 3 in 1:08-cv-00112-CG-B). Plaintiffs did not pursue any action or appeal following the dismissal of this action on April 8, 2008. (Doc. 7 in 1:08-cv-00112-CG-B).

Plaintiffs subsequently filed a second lawsuit on November 16, 2009,[10] which was also dismissed without prejudice but on the grounds that plaintiffs had failed to state a

---

[9] First South Hospitality, Inc., et al., v. Kelly Lunceford Properties, LLC, et al., Civil Action No. 1:08-cv-00112-CG-B.

[10] Judy Morrell, et. al., v. Thomas David Lunceford, et al., Civil Action No. 1:09-cv-00753-KD-C.

claim upon which relief can be granted." (Doc. 35 at 16 in 1:09-cv-00753-KD-C; *see also* Docs. 36, 37)). In this second lawsuit, and as noted herein, the Court held that plaintiffs' fraud and deceit claims were asserted under 18 U.S.C. § 1961, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id*. at 5). Unlike a fraud and misrepresentation claim asserted under Alabama law, a fraud claim under RICO is governed by a four year statute of limitations. Rotella v. Wood, 528 U.S. 549, 553 (2000)(" Given civil RICO's want of any express limitations provision for civil enforcement actions, . . . we chose a uniform 4–year period on a Clayton Act analogy."); Frantz v. Walled, 2013 WL 1104148, * 4 (11th Cir. March 18, 2013)(A civil RICO claim accrues and the four-year limitations period begins to run "when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering.") *quoting* Maiz v. Virani, 253 F.3d 641, 676 (11th Cir.2001) (*citing* Rotella, 528 U.S. at 555). Although plaintiffs appear to have asserted their RICO claims in the second lawsuit within the applicable four year statute of limitations, they failed to establish crucial elements of such a claim. (Doc. 35 at 5, 11 in 1:09-cv-00753-KD-C). Plaintiffs again took no action to either appeal the dismissal of the second lawsuit or to accept the Court's invitation "to file an amended complaint to correct the deficiencies described [in the Report and Recommendation entered on August 8, 2011]." (*Id*. at 16).

Because plaintiffs took no action in relation to the dismissal of their prior lawsuits, the complaint filed in this action does not relate back in any way to the date on which the

first action was filed.[11] Plaintiffs' fraud and misrepresentation claims are, therefore, barred by the applicable statute of limitations. Consequently, plaintiffs have again failed to state a claim upon which relief may be granted. This action is, therefore, due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, it is the recommendation of the undersigned that this action be **dismissed with prejudice** prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted because, *inter alia,* all claims are barred by the applicable statutes of limitation. Based on the foregoing, it is further recommended that plaintiffs' miscellaneous motions to proceed (doc. 15 and 16) be **denied**.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

---

[11] In limited circumstances, Rule 15(c) of the Federal Rules of Civil Procedure permits amendments to pleadings that "relate back" to the date of the original pleading. If a complaint does not "relate back" to an original pleading, it is itself the original. The Eleventh Circuit has held that a re-filed complaint cannot "relate back" and revive a dismissed complaint. Abram-Adams v. Citigroup, Inc., 491 Fed.Appx. 972, 975 (11th Cir. 2012), *citing* Dade County v. Rohr Industries, Inc., 826 F.2d 983, 989 (11th Cir. 1987). The second complaint in Dade was filed after the statute of limitations had expired, and the earlier dismissal had "the effect of placing the parties in a position as if the suit had never been filed." *Id*. Thus the claims had become time-barred. *Id.* Similarly, the district court's dismissal of plaintiffs' complaint in Civil Action No. 1:09-cv-00753-KD-C on September 12, 2011, for failure to state a claim placed both parties "in a position as if the suit had never been filed." *Id*. Thus, plaintiffs' present complaint has become time-barred.

P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this  23rd  day of October, 2013.

                                            /s/ Katherine P. Nelson
                                            **KATHERINE P. NELSON**
                                            **UNITED STATES MAGISTRATE JUDGE**